UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

RYAN MAYERAT,

                            Plaintiff,

    v.                                    Civil Action No. _____

NCO FINANCIAL SYSTEMS, INC.,

                            Defendant.

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), and the Telephone Consumer Protection Act of 1991 (hereinafter referred to as the "TCPA").

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1337.

3. That Plaintiff's cause of action under the TCPA is predicated upon the same facts and circumstances that give rise to her federal cause of action. As such, this Court has supplemental jurisdiction over Plaintiff's TCPA causes of action pursuant 28 U.S.C. §1367.

4. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and in that the conduct complained of occurred here.

### III. PARTIES

5. Plaintiff Ryan Mayerat is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C.§1692a(3).

6. Defendant, NCO Financial Systems, Inc., (hereinafter "NCO") is a corporation organized and existing under the laws of the State of Pennsylvania and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

7. Defendant regularly attempts to collect debts alleged to be due another.

8. That at all times relevant herein, Plaintiff was and is a "person" as defined by 47 U.S.C.§153(32).

9. That Defendant, at all times relevant herein, owned, operated and/or controlled "customer premises equipment" as defined by 47 U.S.C.§153(14), that originated, routed, and/or terminated telecommunications. That Defendant, at all times relevant herein, engaged in "interstate communications" as that term is defined by 47 U.S.C.§153(22).

10. That Defendant, at all times relevant herein, engaged in "telecommunications" as defined by 47 U.S.C.§153(43).

11. That Defendant, at all times relevant herein, used, controlled and/or operated "wire communications" as defined by TCPA, 47 U.S.C.§153(52), that existed as instrumentalities of interstate and intrastate commerce.

12. That Defendant, at all relevant times herein, used, controlled and/or operated "automatic telephone dialing systems" as defined by TCPA, 47 U.S.C.§227(a)(1) and 47 C.F.R. 64.1200(f)(1).

13. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

14. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

15. That Plaintiff incurred a debt to Bank of America. This debt will hereinafter be referred to as "the subject debt."

16. That the subject debt arose out of a transaction in which the money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

17. That Plaintiff thereafter defaulted on the subject debt.

18. That upon information and belief, Defendant NCO was employed by Bank of America to attempt to collect the subject debt.

19. That beginning in December of 2007, Defendant NCO began making several daily telephone calls to Plaintiff's cellular telephone in an attempt to collect on the subject debt.

20. That on or about December 27, 2007, Plaintiff, while at his grandmother's house, received a message on his cellular telephone from Defendant. During said message Defendant identified himself as "Darryl" and left a telephone number at which he could

be reached.  "Darryl" did not disclose that he was a debt collector attempting to collect on a debt.

21. That upon leaving the aforementioned telephone message, Defendant immediately telephoned Plaintiff Ryan Mayerat's grandmother's house.  Plaintiff was handed the telephone and Defendant once again simply identified himself as "Darryl" and asked to speak with Plaintiff.  Plaintiff, sensing that the call was not a personal call for him, immediately instructed Defendant "not to call" his grandmother's home telephone again.

22. That Defendant immediately became argumentative with Plaintiff Ryan Mayerat and began talking over him.  Plaintiff, not wanting his family to hear him argue with someone over the telephone, thereafter thanked Defendant for his time and hung up the telephone.

23. That immediately upon hanging up the telephone, Defendant once again called Plaintiff's grandmother's house and immediately threatened to "sue [Plaintiff]" and "have a judgment entered against [Plaintiff]."  Again, Plaintiff thanked Defendant for his time and hung up the telephone.

24. That despite Defendant's aforementioned statement, Defendant NCO did not possess the authority or the intent to file a lawsuit against Plaintiff Ryan Mayerat.

25. That at no point during the aforementioned telephone calls did Defendant NCO verify that they were speaking with the correct person, notify Plaintiff that Defendant was a debt collection agency, or state the type and amount of the subject debt.

26. That between December of 2007 and March of 2008, Defendant NCO made multiple daily telephone calls to Plaintiff's cellular telephone on virtually every day in an attempt to collect on the subject debt.  That from the middle of March of 2008 through July of 2008, Defendant called Plaintiff's cellular telephone approximately two to three times per week.

27. That in most of the telephone calls described in paragraph 26 herein, Defendant left an artificial and/or prerecorded message on Defendant's voicemail.

28. That Plaintiff never gave Defendant or Bank of America express consent to call his cellular telephone.

29. That as a result of Defendant's actions and statements, Plaintiff became nervous, anxious, upset and suffered from emotional distress.

### V. COUNT ONE
(FDCPA Claims)

30. Plaintiffs repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 29 above.

31. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

   A. Defendant violated 15 U.S.C. §1692d, 15 U.S.C. §1692d(5) by engaging in conduct the natural consequence of which was to harass, oppress and abuse the Plaintiff by repeatedly causing Plaintiff's cellular telephone to ring and by continuing to call Plaintiff's grandmother telephone after being instructed by Plaintiff not to do so.

   B. Defendant violated 15 U.S.C. § 1692d, 15 U.S.C. §1692d(6), and 15 U.S.C. §1692e(11) by engaging in conduct the natural consequence of which was to harass Plaintiff Ryan Mayerat, by repeatedly placing telephone calls without meaningful disclosure of the caller's identity to both Plaintiff's cellular telephone and his grandmother's home telephone.

   C. Defendant violated 15 U.S.C. § 1692d(2), 15 U.S.C. §1692e, 15 U.S.C. §1692e(2)(A), 15 U.S.C. §1692e(5), 15 U.S.C. §1692e(10) and 15 U.S.C. §1692f, by making false, deceptive or misleading representations in an attempt to collect on the subject debt, by falsely threatening to Plaintiff he would be sued and that a judgment would be entered against him.

   D. Defendant violated 15 U.S.C. §1692g(a) by failing to provide Plaintiff Ryan Mayerat with a notice of his debt within five days of the initial communication.

32. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, anxious, upset, and suffered from emotional distress.

## VI. COUNT TWO
### (TCPA Claims)

33. Plaintiffs repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 32 above.

34. The Defendant at all times material and relevant hereto, unfairly, unlawfully, intentionally, deceptively and/or fraudulently violated the TCPA, 47 U.S.C.§227, et seq. and 47 C.F.R.14.1200, et seq. and TCPA, 47 U.S.C.§227(b)(1)(A)(iii) by initiating telephone calls to Plaintiff's cellular telephone service and/or using an artificial and/or prerecorded voice to deliver messages without having the consent of Plaintiff to leave such messages.

35. The acts and/or omissions of Defendant at all times material and relevant hereto, as described in this complaint, were done unfairly, unlawfully, intentionally, deceptively

and fraudulently with the express and sole purpose of unfairly, unlawfully, intentionally, deceptively and fraudulently coercing Plaintiff to pay the alleged debt and to harass him.

36. The acts and/or omissions of the Defendant at all times material and relevant hereto, as described in this complaint, were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

37. The acts and/or omissions of the Defendant at all times material and relevant hereto, as described in this complaint, were not acted or omitted pursuant to 47 C.F.R.§64.1200(f)(2).

38. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this complaint, caused the Plaintiff to sustain damages as a result of their innumerable telephone calls that harassed, annoyed and abused Plaintiff, and disturbed his peace and tranquility at home and elsewhere.

39. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this complaint, caused the Plaintiff to sustain damages and experience severe emotional distress.

40. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this complaint, is liable to actual damages, statutory damages, treble damages, and costs and attorneys fees.

41. Plaintiff is entitled to Five Hundred Dollars and No Cents ($500.00) from the Defendant for each artificial and/or prerecorded telephone call pursuant to the TCPA, 47 U.S.C.§227(d)(3)(B).

42. The Defendant caused said telephone calls of an artificial and/or prerecorded nature to be placed willfully and/or knowingly entitling Plaintiff to a maximum of treble damages from Defendant, pursuant to TCPA, 47 U.S.C.§227(d)(3).

WHEREFORE, Plaintiff respectfully requests that judgment be entered against the Defendants for:

(a) Actual damages;

(b) Statutory damages pursuant to 15 U.S.C. § 1692k and 47 U.S.C.§223(b)(3)(B).

(c) Treble statutory damages pursuant to 47 U.S.C.§223b(3).

(d) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(e) For such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff Ryan Mayerat demands trial by jury in this action.

Dated: July 29, 2008

s/Kenneth R. Hiller
Kenneth R. Hiller, Esq.
Amanda R. Jordan, Esq.
The Law Office of Kenneth Hiller
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: khiller@kennethhiller.com
       ajordan@kennethhiller.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

Plaintiff Ryan Mayerat affirms that the following statements are true and correct under penalties of perjury:

I am the Plaintiff in this civil proceeding.

I have read the above-entitled civil Complaint prepared by my attorney and believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

Dated: July 29, 2008                                    s/Ryan Mayerat____
                                                        Ryan Mayerat